[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO REARGUE (##406 and 407)
In its decision filed February 9, 2001, following an evidentiary hearing, briefs and oral argument, the court found by clear and convincing evidence that Attorney Carole E. Briggs violated Rules of Professional Conduct § 3.4(1) and (6) in this case and in related litigation.[1]
The respondents, Attorney Briggs and Amity Regional School District No. 5 ("Amity"), filed motions to reargue that decision on February 23, CT Page 3426 2001.
In addition to their lengthy disagreement with the court's findings of fact and conclusions of law, these motions to reargue contend that the parties were denied due process of law. Specifically, the motions assert that the parties had no notice that a breach of a discovery obligation might serve as the basis for finding a Rule 3.4(1) violation. That argument, made in light of the considerable effort devoted to this proceeding over the past several months by both the parties as well as the court, compels a response.
The court did find in its February decision that Attorney Briggs breached the continuing duty to disclose that is required by Practice Book § 13-15. The court then relied upon G. Hazard and H. Hodes, TheLaw of Lawyering: A Handbook on the Model Rules of Professional Conduct
626 (1994), for the proposition that
 "[a] violation of this continuing duty to disclose under the facts as found in this case constitutes an unlawful obstruction of another party's access to evidence for purposes of Rule 3.4(1)."
Memorandum of Decision, 15.
The moving parties had ample notice that a discovery issue was the genesis of this misconduct proceeding. The notice of hearing issued by the court on November 3, 2000 (#372.5) specifically references Rule of Professional Conduct § 3.4, and quotes that rule of conduct in pertinent part as one implicated by the allegations of misconduct contained in the DiSpazio and Yamin affidavits, also quoted in the notice in pertinent part. It is the court's opinion that the November, 2000 notice of hearing, which specifically states that a violation of Rule 3.4 was implicated by the DiSpazio and Yamin affidavits, sufficiently informed the parties that the court intended to consider all relevant rules of practice and professional conduct that might underlie a violation of Rule 3.4. It would have been impracticable for the court to articulate at that time each and every practice book, penal code and statutory obligation that might trigger a violation of this rule of conduct.
In response to the notice of November 3, 2000, the parties submitted pre-hearing memoranda and affidavits. See ##376, 377, 378, 379.5, 379.6, 380 and 395.5. The Atlas and Lukmire submissions both reference the allegation of Attorney Briggs' failure to comply with discovery allegations, specifically including Practice Book § 13-15. Atlas memorandum (#380) at pp. 19-20; Lukmire memorandum (#376) at p. 2. Briggs CT Page 3427 in her pre-hearing affidavit [attached to her memorandum #395.5] discusses at length the Benassi report as a discovery item at paragraphs 28 and 30-52.
An evidentiary hearing was held on December 12 and December 13, 2000, and the parties were invited to file post-hearing briefs on or before January 12, 2001. The memorandum of law submitted by the defendants Atlas Construction Company and Insurance Company of North America (Atlas and INA brief, #401) contends at the outset that "Attorney Briggs and Amity flouted their obligation of continuing disclosure." Atlas and INA brief, 7. That brief continues from pages 7 through 18 to reference the obligations owed these defendants under Practice Book § 13-15
(entitled "Continuing Duty To Disclose"), and the brief further asserts that a violation of the Connecticut Rules of Practice would constitute unlawful conduct under Rule 3.4(1).
Moreover, Amity in its post-hearing brief filed January 12, 2001 (#400), at pages 4-5, specifically refers to its continuing discovery obligation. The brief references Court Exhibit 3 (Briggs affidavit), ¶¶ 28, 50-51, and pages 30 (lines 21-24), 31 (lines 25-7), and 32 (lines 1-5) of the transcript of the December 13th portion of a two-day evidentiary hearing, as evidence of Amity's intended discovery production schedule.
In addition to inviting post-hearing briefs following the December, 2000 evidentiary hearing, the court also afforded the parties an opportunity for oral argument on January 29, 2001. At that hearing, neither Attorney Briggs nor Amity asserted any objection to the Atlas and INA argument that the alleged misconduct constituted a breach by Amity and its counsel of the continuing duty to disclose under Practice Book § 13-15, and evidenced a violation of Rule 3.4(1) under the facts of this case.
The court's decision of February 9, 2001 is not based on a finding of a mere technical timeliness violation of the duty of continuing disclosure. The record instead evidences an unsuccessful but vigorous attempt to suppress a document (the Benassi report) which had significant evidentiary value.
Attorney Briggs in her motion to reargue at page 12 also argues that "Rule 3.4(1) does not proscribe `an effort' to `alter, destroy or conceal', but only the actual alteration, destruction or concealment of a document. . . ." (Emphasis in original.) Contrary to this assertion, Rules of Professional Conduct § 8.4., entitled "Misconduct," establishes that "[i]t is professional misconduct for a lawyer to: (1) [v]iolate or attempt to violate the Rules of Professional Conduct. . . ." CT Page 3428 (Emphasis added.)
Attorney Briggs' motion at page 12 also asserts that violation of "a Practice Book discovery rule" does not satisfy the "unlawful" standard of Rule 3.4(1), and that the authority of the 1994 edition of Hazard and Hodes relied upon by the court is "at least doubtful authority." The court then is referred to Hazard and Hodes, The Law of Lawyering, (Third Edition, 2001), § 30.4, n. 1. The 2001 edition under § 30.4, entitled "`Unlawful' Destruction and Concealment of Evidence," repeats the rule articulated in the earlier edition relied upon by the court, as follows:
 Because of its use of the somewhat circular term "unlawful," Rule 3.4(a) [currently Rule 3.4(1)in Connecticut] has application beyond the limits of criminal behavior. It extends to noncriminal conduct that constitutes fraud, and to the violation of noncriminal legal obligations to produce a document or other material, as in civil discovery.
Id. The specific footnote referenced by Attorney Briggs discusses the issue of civil liability for concealment of discoverable documents.
This matter before the court deals with professional responsibility, not civil liability. See discussion of distinction in Practice Book, Rules of Professional Conduct, Preamble (2001); see also Mozzochi v.Beck, 204 Conn. 490, 501 n. 7 and 8, 529 A.2d 171 (1987); Noble v.Marshall, 23 Conn. App. 227, 231, 579 A.2d 594 (1990).
In its order of November 3, 2000, the court set forth the circumstances in which, in open court, it was confronted with affidavits alleging attorney misconduct. In undertaking this proceeding, I was cognizant of my obligation pursuant to Code of Judicial Conduct Canon 3(b)(3) that: "A judge should take or initiate appropriate disciplinary measures against a . . . lawyer for unprofessional conduct of which the judge may become aware."
In a discussion found in Hazard and Hodes (Third Edition, 2001), supra, § 4.12, under the section entitled "Fraud, Breach of Fiduciary Duty, and Other Civil Wrongs Against a Nonclient," the authors note that
 [m]any lawyers and some courts apparently believe that this concept [lawyer's duty to a nonclient] is antithetical to the traditions of the legal profession. They mistakenly believe that the lawyer's duty is one of unconditional loyalty to the client, a CT Page 3429 loyalty that leaves no room for concern for anyone else. But the duty, as traditionally stated, is to represent one's clients "zealously, within the bounds of the law" — the "axiomatic norm" of Canon 7 of the former Code of Professional Responsibility. In this context, "the law" includes the legal rules that entail duties to third parties. Some of these legal rules are found within the Model Rules of Professional Conduct, and some are found in the law generally, including the law of tort and fiduciary relationship.
(Emphasis in original.) Id. The practice of law is a profession, not just a business of winning. It is a profession that requires highly trained men and women to strive for impeccable judgment and unquestioned integrity. Lawyers are required by the rules that govern them and their clients to sacrifice their own interest and even that of their clients when the integrity of the legal system demands it.
The motions to reargue are denied.
ROBERT F. McWEENY